NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RICHARD PAUL BILLINGSLEY, *Appellant*.

No. 1 CA-CR 20-0495
FILED 4-8-2021

Appeal from the Superior Court in Yavapai County
No. P1300CR201801170
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Oliverson & Huss, PLLC, Tempe
By Jeremy L. Huss
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**W I N T H R O P**, Judge:

**¶1**          Richard Paul Billingsley ("Appellant") pled guilty to one count of theft in violation of Arizona Revised Statutes ("A.R.S.") section 13-1802(A)(1) and one count of theft (unlawful use of power of attorney) in violation of A.R.S. § 13-1815(A). The court suspended Appellant's sentence, placed him on supervised probation for three years, and, following an evidentiary hearing, entered judgment ordering Appellant to pay $21,910 in restitution to the estate of P.B. ("the victim").

**¶2**          This appeal of the restitution judgment is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Appellant's counsel advised this court that he has searched the record and found no arguable question of law to raise on appeal. He requests we conduct our own independent review of the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating this court reviews the entire record for reversible error). We allowed Appellant the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

**¶3**          We have appellate jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1). Finding no reversible error, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶4**          In December 2012, the victim was a resident of the Arizona Pioneers' Home in Prescott and granted a power of attorney ("POA") to Arizona Elder Care, LLC, to manage his affairs. Arizona Elder Care exercised that POA until November 13, 2017, when the victim revoked that authority and instead granted a POA to Appellant.

---

[1]      "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶5**        From November 9, 2017, to December 8, 2017, the victim's checking account balance declined from $19,749.49 to negative $2.01. During that same period, the victim's savings account balance declined from $511 to negative $4.89. In total, bank statements showed that, pursuant to the POA, Appellant withdrew $21,910 from the victim's accounts over the course of just one month.

**¶6**        After learning that the victim's accounts were overdrawn, an employee at Arizona Pioneers' Home contacted Adult Protective Services ("APS") and made a report to the City of Prescott Police Department. The Arizona Pioneers' Home employee also notified Arizona Elder Care of the situation, following which, Arizona Elder Care also contacted APS. The victim later restored POA authority with Arizona Elder Care. In April 2018, the victim passed away and Arizona Elder Care became the personal representative for the victim's estate.

**¶7**        In August 2018, Appellant was indicted for one count of theft of property with a value of $4,000 or more but less than $25,000, a class 3 felony, and one count of theft (unlawful use of power of attorney), a class 3 felony. As previously noted, Appellant eventually pled guilty to both counts and was placed on supervised probation for three years. Additionally, Appellant was ordered to be incarcerated in the Yavapai County Jail for 120 days, to commence upon written request of the Adult Probation Department and further order of the court. The plea agreement provided that restitution of economic loss to the victim or the victim's surrogate would not exceed $50,000.

**¶8**        The court held a restitution hearing in October 2020 and heard testimony from the victim's case manager at Arizona Elder Care, an Arizona Elder Care fiduciary who assisted the victim, and the lead investigator on the criminal case from the public defender's office. In addition to the bank records documenting when and how much money Appellant had withdrawn from the victim's accounts, the State presented evidence that the terms of Appellant's POA did not allow Appellant to pay himself a salary and did not expressly authorize "gifts" from the victim's assets.

**¶9**        Appellant argued there was no evidence presented as to where some of the larger withdrawals went and reasoned the money may have been used for the victim's benefit.[2] Appellant also contended there

---

[2]        In previous months, the victim's monthly expenses were approximately $1,300.

was no way to know the withdrawals were not gifts from the victim to Appellant, pointing out that the victim had earlier gifted Appellant $6,000 in October 2017, which gift was approved by Arizona Elder Care. In addition, Appellant presented evidence that the victim had previously made gifts to individuals handling his affairs pursuant to a POA but then later requested the return of those gifts.

¶10        The case manager testified the victim told the case manager he "wanted to help [Appellant], and he did help [Appellant]" with the $6,000 gift, but he "did not want to give [Appellant] all the money from his account[s]" and that it "broke his heart that [Appellant] would steal from him."

¶11        Following the hearing, the court found that the State had proven its restitution case and ordered Appellant to pay $21,910 to the victim's estate. Appellant timely appealed.

## ANALYSIS

¶12        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The record reflects the proceedings were conducted in compliance with Appellant's constitutional and statutory rights and conformed to the Arizona Rules of Criminal Procedure. Appellant was represented by counsel at all stages of the proceedings, and he was present during all critical stages. The State presented sufficient evidence to support the amount of restitution imposed.

¶13        Upon the filing of this decision, Appellant's counsel shall inform Appellant of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

¶14        For the foregoing reasons, we affirm the judgment ordering Appellant to pay $21,910 in restitution to the victim's estate.



AMY M. WOOD • Clerk of the Court
FILED:    AA